PD-0140-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/9/2015 10:24:29 AM
Accepted 2/11/2015 2:12:01 PM
ABEL ACOSTA
CLERK

**PDR No.** _____

# In The Court of Criminal Appeals of Texas

## JUAN GARCIA, Appellant

v.

## THE STATE OF TEXAS, Appellee.

**On Appellant's Petition for Discretionary Review
From the Court of Appeals for the Thirteenth District of Texas,
Appeal Nos. 13-13-00014-CR,
On Appeal from the 130th Judicial District Court
of Matagorda County Texas,
Cause Nos. 12-112.**

## PETITION FOR DISCRETIONARY REVIEW FOR APPELLANT, JUAN GARCIA

Oral Argument Requested

**Cary M. Faden & Jerome J. Aldrich**
77 Sugar Creek Center Blvd., Suite 230
Sugar Land, Texas 77478
Telephone: (281) 491-6182
Texas Bar No. 06768725
**E-MAIL: caryfaden@aol.com**

Attorney for Appellant

FILED IN
COURT OF CRIMINAL APPEALS

February 11, 2015

ABEL ACOSTA, CLERK

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to TEX. R. APP. P., Rule 38.1(a) and Rule 68.4(a), appellant certifies

that the following is a complete list of the parties to the final judgment and the names

and addresses of counsel in the trial and on appeal:

Appellant:
Juan Garcia

Counsel for Appellant:
James M. Sims (at trial)
440 Louisiana Street, Suite 200
Houston, Texas 77002
Charles Martinez, III
2233 Avenue G
Bay City, Texas 77414

**JEROME J. ALDRICH** (on appeal)
122 Westway, Suite 316
Lake Jackson, Texas 77566

**CARY M. FADEN** (on appeal)
77 Sugar Creek Center Blvd., Suite 230
Sugar Land, Texas 77478

Counsel for the State of Texas:
Steven Reis
Lindsay Deshotels
Matagorda County, Texas
District Attorney
1700 7th Street, Room 325
Bay City, Texas 77414

Trial Judge:
Craig Estlinbaum

# Table of Contents

Index of Authorities.................................................................................................v

Statement Regarding Oral Argument.....................................................................vi

Statement of the Case.............................................................................................vi

Procedural History of the Case..............................................................................vi

Ground for Discretionary Review............................................................................2

## GROUND ONE

**THE THIRTEENTH COURT OF APPEALS ERRED IN FAILING TO FIND TRIAL COUNSEL INEFFECTIVE FOR FAILURE TO RAISE A REASONABLE DOUBT WITH THE JURY BY PRESENTING DEFENSE WITNESSES NOR EFFECTIVELY CROSS EXAMINING THE STATE'S WITNESSES AND BEING UNPREPARED FOR CROSS EXAMINATION.**

Reasons to Grant Review in Support of Ground for Review....................................2

Review is appropriate, under Tex. R. App. P. 66.3(a), because the Court Of Appeals has rendered a decision, which is in conflict with the decisions of another court of appeals on the same matter, namely:

Ground One: *Ex parte Bowman*, _ S.W.3d _, No. 01–13–01045, 2014 Tex. App. LEXIS 9458 (Tex. App. - Houston [1st Dist.] Aug. 26, 2014); *Ex parte Briggs*, 187 S.W.3d 458 (Tex. Crim. App. 2005); *Ex parte Welborn*, 785 S.W.2d 391, 395 (Tex. Crim. App. 1990); *Hill v. Lockhart*, 474 U.S. 52, 59-60, 106 S. Ct. 366, 88 L.Ed2d 203 (1985); *Jackson v. State*, 766 S.W.2d 504, 510 (Tex. Crim. App. 1985); *Lopez v. State*, 343 S.W.3d 137 (Tex. Crim. App. 2011); *Strickland v. Washington*, 466 U.S. 668, 687, 80 L Ed. 2d 674, 104 S. Ct. 2052 (1984); *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S.Ct. 2527, 2535 (2003); *Williams v. Taylor*, 529 U.S. 362, 397-97, 120 S. Ct. 1495

(2000); *Wright v. State,* 223 S.W.3d 36 (Houston [1st Dist.] 2006, pet. ref'd).

Review is proper, under Tex. R. App. P. 66.3 (b), because the Court Of Appeals has rendered a decision, which encompasses an important question of state law, which has not been, but should be, settled by this Court.

Review is important, under Tex. R. App. P. 66.3(f), because the Court Of Appeals has so far departed from the accepted and usual course of judicial proceedings, as to call for an exercise of this Court's power of supervision.

Argument And Authorities In Support Of Ground For Review One............................................................................................3

Prayer for Relief..............................................................................12

Certificate of Service.......................................................................14

Appendix-Thirteenth Court Of Appeals Opinion

# INDEX OF AUTHORITIES

## CASES:

*Ex parte Bowman*, _ S.W.3d _, No. 01–13–01045, 2014 Tex. App. LEXIS 9458 (Tex. App. - Houston [1st Dist.] Aug. 26, 2014).....................................................................iii,2,6

*Ex parte Welborn*, 785 S.W.2d 391, 395 (Tex. Crim. App. 1990).........................iii,2,6

*Ex parte Briggs*, 187 S.W.3d 458 (Tex. Crim. App. 2005)..................................iii,2,11

*Hill v. Lockhart*, 474 U.S. 52, 59-60, 106 S. Ct. 366, 88 L.Ed2d 203 (1985)......iii,2,11

*Jackson v. State*, 766 S.W.2d 504, 510 (Tex. Crim. App. 1985).........................iii,2,10

*Lopez v. State*, 343 S.W.3d 137 (Tex. Crim. App. 2011)....................................iii,2,10

*Strickland v. Washington*, 466 U.S. 668, 687, 80 L Ed. 2d 674, 104 S. Ct. 2052 (1984)....................................................................................................................iii,2,6,7,9

*Wiggins v. Smith*, 539 U.S. 510, 521, 123 S.Ct. 2527, 2535 (2003)....................iii,2,6,7

*Williams v. Taylor*, 529 U.S. 362, 397-97, 120 S. Ct. 1495 (2000)........................iii,2,9

*Wright v. State,* 223 S.W.3d 36 (Houston [1st Dist.] 2006, pet. ref'd)............iv,2,7,9,11

## STATUES, CODES, AND RULES:

Tex. R. App. P. 66.3(a)...........................................................................................iii,2,3

Tex. R. App. P. 66.3(b)...........................................................................................iv,2,3

Tex. R. App. P. 66.3(f).................................................................................................iv,3

Tex. R. App. P. 68.2........................................................................................................vii

Tex. R. App. P. 68.4(c).....................................................................................................vi

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Tex. R. App. P. 68.4(c), counsel respectfully requests oral argument. Oral argument would be helpful in the event this petition for discretionary review is granted. This appeal involves questions of law, questions of fact, public policy and procedure which cannot be adequately addressed, analyzed and evaluated through written communication alone. Oral argument is essential to emphasize the unique characteristics of these questions and to address the unforeseeable exigencies arising during the Court's consideration of this appeal.

## STATEMENT OF THE CASE

On March 27, 2012, Appellant, was indicted for the first degree felony offense of aggravated sexual assault. (1 CR at 2). The offense was alleged to have occurred on or about June 1, 2001. (1 CR at 2). On November 13, 2012, Appellant pleaded not guilty to the indictment. (2 RR at 126). After a jury trial, the jury assessed Appellant's punishment at confinement in the Texas Department of Criminal Justice-Institutional Division for a period of ninety-nine years, with a $0.00 fine. (1 CR at 132-133). On December 11, 2012, Appellant timely filed his notice of appeal. (1 CR at 128).

## PROCEDURAL HISTORY OF THE CASE

On December 18, 2014, the Thirteenth Court of Appeals affirmed Appellant's convictions. *Garcia v. State*, No. 13-13-00014-CR, slip op. at 1-14 (Tex. App.–

Corpus Christi-Edinburg [13th Dist.], December 18, 2014, pet. pending). On January 5, 2015, Appellant timely filed his motion for rehearing. The Thirteenth Court Of Appeals overruled and denied Appellant's Motion For Rehearing on January 9, 2015. On February 3, 2015, Appellant timely filed this Petition For Discretionary Review with the Clerk of the Court Of Criminal Appeals. TEX. R. APP. P. 4.1 and 68.2.

PDR No. _____

In The Court of Criminal Appeals of Texas

JUAN GARCIA, Appellant

v.

THE STATE OF TEXAS, Appellee.

On Appellant's Petition for Discretionary Review
From the Court of Appeals for the Thirteenth District of Texas,
Appeal Nos. 13-13-00014-CR,
On Appeal from the 130th Judicial District Court
of Matagorda County Texas,
Cause No. 12-112.

PETITION FOR DISCRETIONARY REVIEW
FOR APPELLANT, JUAN GARCIA

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW Appellant, Juan Garcia, by and through his attorney of record,

Cary M. Faden and Jerome J. Aldrich, and files this petition for discretionary review

of the December 18, 2014, decision of the Thirteenth Court of Appeals of Texas in

1

*Garcia v. State*, No. 13-13-00014-CR, slip op. at 1-14 (Tex. App. – Corpus Christi-Edinburg [13th Dist.], December 18, 2014, pet. pending); and would respectfully show the Court following:

## GROUNDS FOR REVIEW

### GROUND ONE

**THE THIRTEENTH COURT OF APPEALS ERRED IN FAILING TO FIND TRIAL COUNSEL INEFFECTIVE FOR FAILURE TO RAISE A REASONABLE DOUBT WITH THE JURY BY PRESENTING DEFENSE WITNESSES NOR EFFECTIVELY CROSS EXAMINING THE STATE'S WITNESSES AND BEING UNPREPARED FOR CROSS EXAMINATION.**

REASONS TO GRANT REVIEW IN SUPPORT OF GROUNDS FOR REVIEW

Review is appropriate, under Tex. R. App. P. 66.3(a), because the Court Of Appeals has rendered a decision, which is in conflict with the decisions of another Court of Appeals on the same matter, namely:

Ground One: *Ex parte Bowman*, _ S.W.3d _, No. 01–13–01045, 2014 Tex. App. LEXIS 9458 (Tex. App. - Houston [1st Dist.] Aug. 26, 2014); *Ex parte Briggs*, 187 S.W.3d 458 (Tex. Crim. App. 2005); *Ex parte Welborn*, 785 S.W.2d 391, 395 (Tex. Crim. App. 1990); *Hill v. Lockhart*, 474 U.S. 52, 59-60, 106 S. Ct. 366, 88 L.Ed2d 203 (1985); *Jackson v. State*, 766 S.W.2d 504, 510 (Tex. Crim. App. 1985); *Lopez v. State*, 343 S.W.3d 137 (Tex. Crim. App. 2011); *Strickland v. Washington*, 466 U.S. 668, 687, 80 L Ed. 2d 674, 104 S. Ct. 2052 (1984); *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S.Ct. 2527, 2535 (2003); *Williams v. Taylor*, 529 U.S. 362, 397-97, 120 S. Ct. 1495 (2000); *Wright v. State*, 223 S.W.3d 36 (Houston [1st Dist.] 2006, pet. ref'd).

Review is proper, under Tex. R. App. P. 66.3 (b), because the Court Of Appeals has rendered a decision, which encompasses an important

question of state law, which has not been, but should be, settled by this Court.

Review is important, under TEX. R. APP. P. 66.3(f), because the Court Of Appeals has so far departed from the accepted and usual course of judicial proceedings, as to call for an exercise of this Court's power of supervision.

## ARGUMENT AND AUTHORITIES IN SUPPORT OF GROUND FOR REVIEW ONE

In its December 18, 2014, opinion, the Thirteenth Court Of Appeals affirmed Appellant's conviction in finding that trial counsel did not provide ineffective assistance of counsel.

This Court should review this issue, and review is appropriate, under Tex. R. App. P. 66.3(a), because the Court Of Appeals has rendered a decision, which is in conflict with the decisions of another court of appeals on the same matter; and review is appropriate, under Tex. R. App. P. 66.3 (b), because the Court Of Appeals has rendered a decision, which encompasses an important question of state law, which has not been, but should be, settled by this Court; and review is important, under Tex. R. App. P. 66.3(f), because the Court Of Appeals has so far departed from the accepted and usual course of judicial proceedings, as to call for an exercise of this Court's power of supervision.

The Thirteenth Court Of Appeals failed to respond to Appellant's points of

3

error relevant to this appeal, and Appellant specifically points to certain arguments that the Thirteenth Court failed to address:

-Failure to consider Sergeant Brown's incorrect testimony in regards to the first time G.D. went to the Matagorda County Sheriff's Office. Sergeant Brown testified the first time G.D. went to the Matagorda County Sheriff's Office was in 2011, and Sergeant Brown did not tell the jury about G.D.'s visit to the Sheriff's Office on February 14, 2003, where no sexual assault allegation was raised by G.D. This visit was after the date of offense of June 1, 2001, alleged in the indictment. (See Page 3 of Appellant's Brief). Therefore, this is an important reasonable doubt issue that was not presented to the jury through effective cross examination of Sergeant Brown or G.D. It is important because G.D. had the opportunity to make an outcry and did not.

-Failure to address the fact that G.D. made no outcry of sexual assault regarding the alleged June 1, 2001, event, until G.D. was told by the Matagorda County Sheriff's Office that no crime had been committed by Appellant in January of 2011, during G.D.'s visit to the Matagorda County Sheriff's Office in January of 2011. This would have shown the jury the allegation of sexual assault was fabricated. Therefore, this important reasonable doubt issue was not presented to the jury through effective cross examination of Sergeant Brown or G.D. (See Page 5 of Appellant's Brief).

4

-Trial Attorney, Martinez was not aware of any Texas Department of Family and Protective Services, hereinafter referred to as (CPS), records being destroyed because the allegations were unfounded. Therefore, this important reasonable doubt issue was not presented to the jury through effective cross examination of Sergeant Brown and G.D., or by calling defense witnesses from CPS. (See Page 8 of Appellant's Brief).

-Trial Attorney, Sims admitted that the record retention and destruction policy of CPS dealing with invalid and unfounded cases could have been something the jury should have heard about. Therefore, this important reasonable doubt issue was not presented to the jury through effective cross examination, or by calling defense witnesses from CPS. (See Page 11 of Appellant's Brief).

-Trial Attorney, Sims also did not subpoena any witness from CPS to testify about their record retention policy because Sims did not see any probative value in that even though later Sims admitted the jury should have heard the CPS record retention policy is that records are destroyed if a case is unfounded and invalid. (1 MNT at 88-90). This is critical because from the Matagorda County Sheriff's Office report from G.D.'s visit in 2003, we know that a report of alleged abuse (non-sexual), was made to CPS and given a case number. If G.D. had made an outcry of a sexual abuse claim certainly this would have been investigated. We now know that any

5

records have been destroyed because the allegations were unfounded or invalid. The fact that the records are destroyed in invalid or unfounded cases, is an important fact that the jury should have considered and this Court did not consider, nor did this Court consider that Sims did not subpoena a CPS witness to testify at trial. SEE (Texas Department of Family And Protective Services (C.P.S.) letter in 1 MNT Exhibit 5, dated December 14, 2012), (1 MNT at 89-92). This shows a complete lack of investigation and failure to call a defense witness, either from CPS or the Matagorda County Sheriff's Office, and failure to effectively cross examine Sergeant Charlotte Brown from the Matagorda County Sheriff's Department or G.D. (See Page 12 of Appellant's Brief).

In the *Ex parte Bowman*, _ S.W.3d _, No. 01–13–01045, 2014 Tex. App. LEXIS 9458 (Tex. App. - Houston [1st Dist.] Aug. 26, 2014), case he was deprived of effective assistance of counsel because trial counsel failed to conduct a reasonable pre-trial investigation that would have uncovered readily available evidence to impeach the credibility of the arresting officer where his credibility was critical. G.D.'s credibility was critical in this case.

Trial counsel has a duty to make an independent investigation of the facts of a case. *Ex parte Welborn*, 785 S.W.2d 391, 395 (Tex. Crim. App. 1990). The United States Supreme Court has explained that "'[s]trategic choices made after thorough

6

investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.'" *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S.Ct. 2527, 2535 (2003) (quoting *Strickland*, 466 U.S. at 690–91, 104 S.Ct. at 2066). "In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Wright v. State*, 223 S.W. 3d 36, 42 (Tex. App. - Houston [1st Dist.] 2006, pet. ref'd) (citing *Wiggins*, 539 U.S. at 521–22, 123 S.Ct. at 2535). We assess a particular decision not to investigate "for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Id. (citing *Wiggins*, 539 U.S. at 521–22, 123 S.Ct. 2535).

-This is a case in which there was no physical evidence. Sims failed to question G.D. about her first visit to the Sheriff's Office in February of 2003, and why she did not report the alleged abuse, nor what G.D. told CPS regarding the alleged abuse. (See Page 13 of Appellant's Brief). All of the above would have raised a reasonable doubt with the jury, and Appellant would have been found not guilty.

-Further, trial attorney, Sims failed to raise a reasonable doubt with the jury by presenting defense witnesses such as the now District Attorney Investigator Susan Maxwell, who at the time investigated G.D.'s visit to the Matagorda County Sheriff's

7

Office in 2003. Susan Maxwell would have testified that no sexual abuse was alleged by G.D. during her February 2003, visit to the Matagorda County Sheriff's Office, because the offense report from then showed no sexual abuse alleged. (1 MNT at Exhibit 2), (Texas Department Of Family And Protective Services (C.P.S.) letter dated December 14, 2012; 1 MNT at Exhibit 5, and 28 page letter of Claudia), (1 MNT at Exhibit "8").

The Defendant asserted that he was denied effective assistance of counsel by trial counsel's failure to present defense witnesses that support a defense that the allegations against him were fabricated and by not effectively cross examining the State's witnesses. The Defendant further asserted that a strategic decision made by trial counsel was unreasonable to not call any witnesses in light of the relationship described by the Defendant's family between the Defendant and his step daughter the complainant. Trial counsel never inquired or received information that the complainant fabricated the allegations by the use of Texas Department Of Family And Protective Services (C.P.S.), records or witnesses and Crisis Center therapy records or witnesses, and failed to present the inconsistencies to the jury. Additionally, it was unreasonable to not question on cross examination or by calling defense witnesses that the Sheriff's Office report from February 14, 2003 shows Giovanna and Sergio went there complaining of visitation issues with Claudia and

8

mosquito bite issues on Giovanna's arms, but never made a sexual abuse claim even though Giovanna had opportunity to tell someone in authority. (1 MNT at Exhibit 2), (Texas Department Of Family And Protective Services (C.P.S.) letter dated December 14, 2012; 1 MNT at Exhibit 5, and 28 page letter of Claudia), (1 MNT at Exhibit "8").

Trial counsel did not present testimony from family members concerning the reasons why Giovanna would be vindictive toward him and therefore would present false allegations of abuse. Based on the Supreme Court's decision in *Strickland v. Washington,* *466* U.S. 668, 687, 80 L Ed. 2d 674, 104 S. Ct. 2052 (1984), the Defendant was denied effective assistance of counsel based on trial counsel's failure to obtain the assistance of an expert witness to assist in the preparation of a defense, to cross examine both the complainant and her mother, to put the "outcry" in proper context and to explain the problems with the State's investigation.

The question becomes whether counsel's deficient performance undermined confidence in the outcome of the trial. *See Strickland,* 466 U.S. at 694. "[Courts of appeal] evaluate the totality of the evidence-- 'both that adduced at trial, *and the evidence adduced in the habeas proceeding[s].'"* *Williams v. Taylor,* 529 U.S. 362, 397-97, 120 S. Ct. 1495 (2000). The Court stated, though, that it "made no new law" in *Williams,* but had simply applied *Strickland* to conclude that "counsel's failure to uncover and present voluminous mitigating evidence at sentencing could not be

justified as a tactical decision..., because counsel had not "fulfill[ed] their obligation to conduct a thorough investigation of the defendant's background." *Id.* at 2535 (quoting *Williams*, 529 U.S. at 396). The facts of the Appellant's case suggest that without an explanation by an expert, the testimony of family members or an effective cross exam of the State's witnesses that would explain the relationship between the Defendant and his step daughter, trial counsel presented no defense to the charges against the Defendant.(3 RR at 145).

A single egregious error may be so substantial that the trial record alone can demonstrate ineffective assistance of counsel as a matter of law. *Jackson v. State*, 766 S.W.2d 504, 510 (Tex. Crim. App. 1985) ("We have also recognized that, as a particular matter, some isolated omissions may so affect the outcome of a particular case as to undermine the reliability of the proceedings.") In *Lopez v. State*, 343 S.W.3d 137 (Tex. Crim. App. 2011) this Court reversed the court of appeal's judgment reversing Lopez's conviction on the basis that he received ineffective assistance of counsel. However, the analysis in *Lopez* is instructive in the present case. The *Lopez* court stated:

> In the rare case in, which trial counsel's ineffectiveness is apparent from the record, an appellate court may address and dispose of the claim on direct appeal. Allowing this disposition alleviates the unnecessary judicial redundancy and burden on the trial courts of holding additional hearings in writ applications when no additional

evidence is necessary to the ultimate disposition of the case. However, this is a difficult hurdle to overcome: the record must demonstrate that counsel's performance fell below an objective standard of reasonableness as a matter of law, and that no reasonable trial strategy could justify trial counsel's acts or omissions, regardless of his or her subjective reasoning.

*Id.* at 143.

The above shows, (1) counsel's performance fell below an objective standard of reasonableness, (2) counsel's deficient performance prejudiced the defense, resulting in an unreliable or fundamentally unfair outcome of the proceeding, (3) counsel's actions could not be considered sound trial strategy, (4) a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. **The jury would have found Appellant not guilty.**

As this Court has noted, the ability of accused to hire an expert is irrelevant to the duty of attorney to investigate the facts and consult with an expert when needed. Further, this Court cannot distinguish *Wright* from the instance case. Thus, when no defense is presented and there is no evidence corroborating the complainant's stories, there is a reasonable probability, sufficient to undermine the confidence in the outcome of the case, that but for the deficient performance of trial counsel, the result of the proceedings would have been different. See *Briggs*, 187 S.W.3d at 470 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59-60, 106 S. Ct. 366, 88 L.Ed2d 203 (1985)).

11

A new trial is required.

Appellant files this his Petition For Discretionary Review due to the fact that the Thirteenth Court, after having granted Oral Argument has wholly rejected all of Appellant's arguments, and refused to directly address the merits of Appellant's appeal, and refused to address the overwhelming merits of Appellant's appeal, that trial counsel was wholly ineffective and Appellant was denied effective assistance of counsel for failing to effectively cross examine witnesses or call defense witnesses or consult with any expert witness or review scientific literature concerning false allegations of sexual abuse; have any strategic reason or trial strategy in not calling any witnesses or interviewing any witness in view of Appellant's relationship between Appellant and his step daughter the complainant; investigate potential witnesses in the guilt innocence phase or the punishment phase of trial; or to call witnesses to testify during the punishment stage of Appellant's trial. That Appellant was denied effective assistance of counsel based upon trial counsel's failure to: raise a reasonable doubt with the jury by presenting defense witnesses or by effectively cross examining the State's witnesses and counsel was poorly prepared for cross examination. Appellant is in dispute with the Thirteenth Court's opinion issued and requests that this Court consider this Petition For Discretionary Review. The Court Of Appeals lack of cited case law has departed from the accepted and usual course

12

of judicial proceedings and the case law cited by Appellant in his Petition For Discretionary Review, as to call for an exercise of this Court's power of supervision.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant, Juan Garcia, prays that the Court grant the Petition For Discretionary Review for Appellant, order briefing on this cause, and set it for submission at the earliest possible date. Moreover, upon submission and review of the appellate record and the briefs and arguments of counsel, the Court issue an opinion resolving this conflict so that the bench and bar of this state will know how to address and dispose of similar issues in the future.

Respectfully submitted,

**/s/CARY M. FADEN**
**Cary M. Faden**
SBN 06768725
**Jerome J. Aldrich**
SBN 00983500
Counsel for Appellant
77 Sugar Creek Center Blvd., Suite 230
Sugar Land, Texas 77478
Telephone: (281) 491-6182
Facsimile: (281) 491-0049
**E-Mail: caryfaden@aol.com**

Attorney For Appellant

13

## CERTIFICATE OF COMPLIANCE, T.R.A.P., RULE 9.4(3)

In accordance with TEX. R. APP. P. 9.4(3), I Cary M. Faden, certify that this is a computer generated document and I state that the number of words in this document is approximately 3,906 words. I am relying on the word count of the computer program used to prepare this document.

**/s/CARY M. FADEN**
**Cary M. Faden**


## CERTIFICATE OF SERVICE

In accordance with Tex. R. App. P. 9.5, I, Cary M. Faden, certify that a true and correct copy of the foregoing Petition For Discretionary Review has been served, by U.S. Mail, upon Juan Garcia; to the attorney for the State Of Texas, Steven E. Reis, District Attorney, Appellate Division, 1700 7th Street, Room 325, Bay City, Texas 77414; to the State Of Texas Prosecuting Attorney, Lisa C. McMinn, P. O. Box 13046, Capitol Station, Austin, Texas 78711 on this the 3rd day of February, 2015.

**/s/CARY M. FADEN**
**Cary M. Faden**

# APPENDIX



# THE THIRTEENTH COURT OF APPEALS

## 13-13-00014-CR

### JUAN GARCIA
v.
### THE STATE OF TEXAS

On appeal from the
130th District Court of Matagorda County, Texas
Trial Cause No. 12-112

## JUDGMENT

THE THIRTEENTH COURT OF APPEALS, having considered this cause on appeal, concludes that the judgment of the trial court should be AFFIRMED. The Court orders the judgment of the trial court AFFIRMED.

We further order this decision certified below for observance.

December 18, 2014.



# NUMBER 13-13-00014-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JUAN GARCIA,                                        **Appellant,**

**v.**

THE STATE OF TEXAS,                             **Appellee.**

On appeal from the 130th District Court
of Matagorda County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Perkes**
**Memorandum Opinion by Justice Perkes**

Appellant Juan Garcia appeals his conviction for the offense of aggravated sexual assault, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.021 (West, Westlaw through 2013 3d C.S.). A jury found appellant guilty and assessed punishment at ninety-nine years' confinement in the Texas Department of Corrections, Institutional Division. By four issues, which we construe as one, appellant contends that he was denied effective

assistance of counsel. Specifically, appellant asserts that his counsel failed to: (1) conduct a reasonable investigation and call witnesses during the trial and punishment phases; (2) consult with an expert witness or review scientific literature concerning false allegations of sexual abuse; (3) effectively cross-examine the State's witnesses; and (4) object or seek a continuance when the State called an undesignated witness during the punishment phase. We affirm.

## I. BACKGROUND

Appellant's stepdaughter, G.D., alleged that appellant sexually assaulted her.[1] During the guilt/innocence phase of the trial, G.D. testified that appellant committed numerous inappropriate acts towards her, beginning when she was eight years old. The inappropriate acts included: suggesting she try on a pair of women's underwear in a store while her mother was in another changing room; masturbating at the foot of her bed; lying nude in her bed next to her while she pretended to sleep; touching her inappropriately; and penetrating her vagina with his fingers.[2] Appellant's counsel cross-examined the State's witnesses, but did not cross-examine G.D. Appellant did not testify and did not call any defense witnesses during this phase of the trial.

During the punishment phase, the State called B.R., A.L., T.S., and R.T. to testify. These women recounted an incident that occurred with appellant, approximately six years before appellant began molesting G.D. According to all four witnesses, they were

---

[1] G.D. was an adult at the time of trial. She testified that the sexual abuse happened approximately ten years earlier.

[2] The State presented four witnesses during the guilt/innocence phase of the trial: G.D., her father, her mother, and Sergeant Charlotte Brown.

2

playing outside when appellant got their attention by knocking on a window. Through the window, they saw that appellant was naked and masturbating. They each testified that appellant pleaded guilty to indecency and that he received deferred adjudication. In addition, A.C., a childhood friend of one of appellant's daughters, testified that appellant touched her "in her private parts" at a sleepover when she was eleven years old. A.C. also testified that on one occasion, she saw appellant standing naked and masturbating at a window while she was playing outside. Defense counsel did not cross-examine the State's witnesses and did not present any witnesses during the punishment phase of trial.

Appellant filed a motion for new trial. During the hearing on appellant's motion, five of appellant's daughters stated that, had they testified at their father's trial, they generally would have had favorable things to say about appellant. They also testified that appellant's defense counsel did not interview them prior to trial.

Defense counsel testified at the hearing that his trial strategy was to show that G.D.'s delayed accusations of sexual abuse were an attempt by G.D.'s mother to gain an advantage over appellant in their divorce proceedings. Defense counsel stated that he did not need to call any witnesses because he was able to pursue this strategy through cross-examination. He also said that he did not need an expert witness because the defensive theory was relatively simple. When questioned about his strategy regarding punishment, he explained that he did not question or present any witnesses because it would have made "a bad situation worse." One of his investigators informed him that appellant's daughters had played with the girls involved in appellant's indecency case.

3

Defense counsel feared that using appellant's daughters as witnesses would have opened the door to damaging cross-examination about the incident.

Appellant introduced into evidence at the new trial hearing, an affidavit from Jerome Brown, Ph.D., in which he attested that CPS records and therapy records of G.D. could have been reviewed to determine whether proper methods were utilized; that G.D.'s therapy attendance could have suggested low motivation in treatment, which would be inconsistent with having been sexually abused; and that, based upon the divorce of appellant and his wife, there was an increased probability of false allegations. Brown averred that an expert could have helped develop a line of questioning, and suggested several books that could have been used to prepare defense counsel. The trial court denied appellant's motion for new trial.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

To prevail on an ineffective assistance of counsel claim, the defendant must show: (1) counsel's representation fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011); *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.—Corpus Christi 2006, no pet.). Our review of the counsel's representation is highly deferential; we will find ineffective assistance only if appellant rebuts the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *Lopez*, 343 S.W.3d at 142; *Jaynes*, 216 S.W.3d at 851. The record must contain evidence of the counsel's reasoning, or lack thereof, to rebut the presumption. *Moreno*

4

*v. State*, 1 S.W.3d 846, 865 (Tex. App.—Corpus Christi 1999, pet. ref'd). We review the totality of representation rather than isolated instances in determining whether trial counsel was ineffective. *See Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006); *Lopez*, 343 S.W.3d at 143.

When, as here, ineffective assistance was first urged in a motion for new trial, we review the two *Strickland* prongs through the prism of the abuse of discretion standard. *See Cueva v. State*, 339 S.W.3d 839, 857 (Tex. App.—Corpus Christi 2011, pet. denied); *State v. Gill*, 967 S.W.2d 540, 542 (Tex. App.—Austin 1998, pet. ref'd). A trial court abuses its discretion when no reasonable review of the record could support the trial court's ruling. *McQuarrie v. State*, 380 S.W.3d 145, 150 (Tex. Crim. App. 2012).

## III. DISCUSSION

### A. Case Investigation

Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. *Strickland*, 466 U.S. at 691. To establish an ineffective assistance claim for failure to investigate, a defendant must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the trial. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Appellant asserts that defense counsel's performance was inadequate because he allegedly failed to speak with appellant's daughters. Appellant argues that because of his failure, defense counsel did not know that the daughters could have provided testimony that G.D. fabricated her allegations.

5

Although appellant argues that an "investigation could result in a defense of fabrication, retaliation, or allegations resulting from parental alienation," the record does not support these claims. Defense counsel's investigator informed him that appellant's daughters had played with the girls involved in appellant's indecency case. In addition, during the hearing on appellant's motion for new trial, appellant's daughters all testified that G.D. did not have a good relationship with appellant and that appellant was a good father. However, none of the daughters testified about appellant's sexual abuse charges or that G.D. was untruthful regarding her allegations. Although appellant's daughters allege there is animosity among appellant, G.D., and G.D.'s mother specifically relating to appellant's divorce, such allegations do not impeach G.D.'s veracity. Appellant fails to show what further investigation would have revealed and how it would have helped him. *See id.*

## B. Defense Witnesses

Appellant argues that his daughters and ex-spouse should have been called as character witnesses during the punishment phase. Appellant claims that the witnesses would have testified regarding mitigating factors for the jury to consider and that there is a reasonable probability that the jury's assessment of punishment would have been less severe had the witnesses testified.

Defense counsel testified that calling appellant's family members would have invited harmful cross-examination. Anticipating that the State would use the family members to highlight the 1995 indecency case, defense counsel made a legitimate trial strategy decision to not put the daughters on the stand. *See Ex parte McFarland*, 163

6

S.W.3d 743, 757 (Tex. Crim. App. 2005) (explaining that even though possible witness testimony may have been beneficial to defense, it was a legitimate strategic decision not to call witness because State would have cross-examined witness about prior robberies committed by defendant); *Milburn v. State*, 15 S.W.3d 267 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (setting out that counsel can only make a reasonable decision to forego presentation of mitigating evidence after evaluating available testimony and determining it would not be helpful); *see also Thomas v. State*, No. 06-01-00021-CR, 2002 WL 171598, at *8 (Tex. App.—Texarkana, Feb. 5, 2002, no pet.) (not designated for publication) ("It is a legitimate strategy for counsel not to put even favorable witnesses on the stand where there is a risk of opening the door to unfavorable testimony on cross-examination."). Accordingly, because placing the daughters on the stand could have potentially opened the door to testimony that could harm appellant, we hold defense counsel's conduct fell within the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 699–700.

Appellant relies on *Milburn*, 15 S.W.3d at 270, for the proposition that the failure to put on available witnesses constitutes ineffective assistance of counsel. Appellant's reading of *Milburn* is unpersuasive. In *Milburn*, trial counsel failed to investigate, evaluate, or submit any character testimony in spite of the fact at least twenty people were available to testify on defendant's behalf. *Id.* at 269–70. *Milburn* emphasizes the importance of presenting helpful witnesses and evidence, but also recognizes that defense counsel may "forego presentation of mitigating evidence after evaluating available testimony and determining that it would not be helpful." *Id.* at 270.

7

## C. Expert Witness

Appellant argues that trial counsel did not have an expert witness strategy and that an expert was necessary to counter Sergeant Charlotte Brown's testimony that G.D. had not been manipulated into making an accusation against appellant.[3] An error in trial strategy will only be considered inadequate representation if counsel's actions are without a plausible basis. *See Ex parte Burns*, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980). During the motion for new trial hearing, appellant asked defense counsel about retaining an expert witnesses:

[Appellant Counsel]: Okay. What was your trial strategy not getting an expert witness in this case, an expert witness who is trained in child sex abuse cases, a psychologist, who could—in fact, a mental health professional with special expertise in treatment and evaluation of sex abuse allegations? What was your trial strategy in not getting an expert to look at the therapy records?

[Defense Counsel]: I did not have a trial strategy in regard to that. As I said, my core strategy was the fact that G.D. loathed [appellant] for many reasons.

From defense counsel's answer, appellant reasons that defense counsel had no trial strategy regarding an expert witness. Appellant claims Dr. Brown could have testified regarding a pattern of behavior called "sex abuse in divorce syndrome." Further, appellant asserts that expert review of the complainant's therapy records could have indicated that complainant's behavior was inconsistent with having been sexually abused.

During the hearing, defense counsel explained his trial strategy, as follows:

My trial strategy was that these accusations which were over 12 years old only came to light based upon a knock-down drag-out divorce

---

[3] Sergeant Brown investigated G.D.'s allegations against appellant.

8

between my client and his wife, and that's when the first real outcry emanated.

. . . .

I think the fact that people often make allegations of sexual abuse during a divorce is certainly something of common knowledge. I don't think you need an expert to tell that to a jury or anybody else.

Defense counsel stated he executed his trial strategy effectively through cross-examination of the State's witnesses.

The record reflects that defense counsel's strategy, like Dr. Brown's proposed strategy, was to characterize the sexual abuse accusations as an attempt by appellant's wife to gain an advantage over appellant in the divorce proceedings. Defense counsel concluded, however, that he did not need an expert witness to advance this argument. Though defense counsel admitted that an expert witness may have helped him develop a line of questioning for the complainant to show inconsistencies in her behavior, a defendant's constitutional right to counsel does not mean errorless counsel. *See Howell v. State*, 563 S.W.2d 933 (Tex. Crim. App. 1978). This reasoning, supplemented by the strong presumption that a counsel's actions fall within the wide range of reasonable professional assistance, leads us to conclude that his actions were both plausible and within the range of acceptable professional assistance. *See State v. Morales*, 253 S.W.3d 686, 698 (Tex. Crim. App. 2008) (quoting *Strickland*, 466 U.S. at 687, 689 (1984)).

Appellant relies on *Ex parte Briggs, Wright v. State,* and *Ex parte Ard* to support his argument that the failure to present expert testimony constitutes ineffective assistance of counsel. *See Ex parte Briggs*, 187 S.W.3d 458, 469 (Tex. Crim. App. 2005); *Wright v. State*, 223 S.W.3d 36 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd); *Ex parte Ard,*

9

No. AP-75704, 2009 WL 618982 at *2, (Tex. Crim. App. 2009) (mem. op., not designated for publication).[4]  Each case is factually distinguishable.  Unlike trial counsel in *Briggs*, *Wright*, and *Ard*, defense counsel explained his legitimate strategic reasons for his actions that were not based on timing or financial constraints.  In *Briggs*, the decision not to produce expert witnesses was based on a financial decision, not a strategic one.  *See Briggs*, 187 S.W.3d at 457.  In *Wright*, trial counsel did not hire an expert because (1) he was told that any expert he hired would not be able to interview the complainant, and (2) by the time he had received the investigator's notes he did not have time to contact an expert.  *See Wright*, 223 S.W.3d at 43.  In *Ard*, the Texas Court of Criminal Appeals based its reversal on a difference between the expert's testimony at trial and at the writ hearing that could not be explained or justified by trial strategy.  *See Ard*, 2009 WL 618982, at *5.

In sum, we conclude that trial counsel's decision not to present expert testimony does not constitute ineffective assistance.

## D.    Scientific Literature

Appellant also argues that trial counsel's performance was deficient because he did not fully investigate existing scientific literature.  During the motion for new trial, appellant questioned defense counsel on his familiarity with scientific evidence in sexual abuse cases as follows:

[Appellant Counsel]:       Okay. Have you ever used an expert in a child sexual abuse case or aggravated sex assault case?

---

[4] Unpublished opinions have no precedential value and must not be cited as authority by counsel or by a court.  TEX. R. APP. P. 77.3.

10

| [Defense Counsel]: | Yes, sir, I believe I have. |
| [Appellant Counsel]: | Have you read any books on child abuse in preparing for cross-examination of complaining witnesses? |
| [Defense Counsel]: | Well, I've certainly read and kept up with case law, and I have read some treatises. |

Contrary to appellant's assertion, the record does not support the argument that defense counsel failed to research scientific literature, that defense counsel was unaware of the literature, or that defense counsel's representation was constitutionally deficient because he failed to review any scientific literature concerning false allegations. Defense counsel's familiarity with scientific literature falls within the wide range of reasonable professional assistance.

## E.  Cross-Examination of the State's Witnesses

Appellant argues his defense counsel should have cross-examined: (1) Sergeant Brown about a 2003 visit by G.D. and her father to the sheriff's office; (2) G.D.'s father about potential past abuse; (3) Captain Susan Maxwell[5] of the Matagorda County Sheriff's Department about a February 14, 2003 sheriff's report and whether or not she visited G.D.'s school; (4) G.D.'s mother about CPS allegations of abuse made on a regular basis; and (5) G.D. regarding her inconsistent statements.

Again, appellant has failed to rebut the presumption that his counsel's cross-examination fell within the wide range of reasonable professional assistance. *Resendiz v. State*, 112 S.W.3d 541, 548 (Tex. Crim. App. 2003) ("noting that a suggestion that cross-examination should have been conducted in another manner does not rebut

---

[5] Captain Maxwell did not testify in this case.

11

presumption that counsel's conduct fell within wide range of reasonable professional assistance"). It is frequently a sound trial strategy not to attack a sympathetic eyewitness without very strong impeachment. *Ex parte McFarland*, 163 S.W.3d at 756.

Cross-examination is an art, not a science, and it cannot be adequately judged in hindsight. *Ex parte McFarland*, 163 S.W.3d at 756. While appellant has suggested that certain points in cross-examination could have been done differently, "isolated instances in the record reflecting errors of commission or omission do not cause counsel to become ineffective, nor can ineffective assistance of counsel be established by isolating or separating out one portion of the trial counsel's performance for examination." *Ex parte Welborn*, 785 S.W.2d 391, 293 (Tex. Crim. App. 1990) (en banc); *see Lopez*, 343 S.W.3d at 143 (holding that an appellate court looks to totality of representation). We hold that defense counsel's cross-examination constituted reasonable professional assistance.

## F. Objecting to Punishment Phase Witness and Filing a Motion for Continuance

Appellant complains that, during the punishment phase, defense counsel failed to object to the State's undesignated witness, A.C., and failed to move for a continuance to investigate A.C. in light of anticipated testimony. Appellant relies on defense counsel's admission during the hearing that, in hindsight, it may have been a mistake to not object or to ask for a continuance and that A.C.'s testimony may have contributed to appellant's sentence.

Despite defense counsel's candid reflection, we assess counsel's performance without the benefit of hindsight. *See Strickland*, 466 U.S. at 669 (explaining that a fair assessment of attorney performance requires that every effort be made to eliminate

12

distorting effects of hindsight, to reconstruct circumstances of counsel's challenged conduct, and to evaluate conduct from counsel's perspective at the time of trial); *see also Ex parte Welborn*, 785 S.W.2d at 393. When claiming ineffective assistance for failing to object, a party must demonstrate that if trial counsel had objected, the trial judge would have committed error in refusing to sustain the objection. *Vaughn v. State*, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996) (en banc). In *Hollowell v. State*, the Texas Court of Criminal Appeals held that evidence willfully withheld from disclosure under a discovery order should be excluded from evidence. *Hollowell v. State*, 571 S.W.2d 179, 180 (Tex. Crim. App. 1978). The sanction of exclusion, however, should not be imposed absent bad faith or willfulness on the part of the prosecution. *Peña v. State*, 864 S.W.2d 147, 149 (Tex. App.—Waco 1993, no pet.).

The record is devoid of any evidence that would show that the State willfully or knowingly failed to timely disclose A.C.'s testimony. Appellant has not provided any evidence that the State knew of A.C. before she submitted her statement to police or that the State deliberately withheld the disclosure of A.C. as a witness. Therefore, we are unable to conclude that the trial court would have abused its discretion by overruling an objection to A.C.'s testimony. *See Vaughn*, 931 S.W.2d at 566 (requiring proof of prosecutorial bad faith in withholding a witness's information).

When viewed in light of *Strickland*, appellant's claim that he was denied effective assistance of counsel based on counsel's failure to ask for a continuance to investigate A.C. also fails. *See Strickland*, 466 U.S. at 691. Even assuming the failure was deficient performance, appellant fails to put forth any evidence that defense counsel's

13

decision not to ask for a continuance prejudiced or harmed his defense. *See id.* (holding that to prevail on ineffective assistance of counsel claim, appellant must show deficient performance prejudiced defense). As previously discussed, appellant must specifically show what further investigation would uncover and how it would help the defense. *See Green*, 882 F.2d 999, 1003. Appellant has done neither. The record fails to show how defense counsel's failure to request a continuance during punishment prejudiced appellant's defense. *See Strickland*, 466 U.S. at 691.

## G.    Summary

Appellant has failed to show that his attorney's performance fell below an objective standard of reasonableness or that the outcome of trial would have been different but for his trial counsel's alleged mistakes. *See id.*, 466 U.S. at 687–691. Because the record supports the trial court's ruling, we find that the trial court did not abuse its discretion in denying appellant's motion for new trial.[6] *See Cueva*, 339 S.W.3d at 878.

## IV. CONCLUSION

We affirm the judgment of the trial court.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
15th day of December, 2014.

---

[6] Appellant claims that *S.J.P. v. Thaler*, No. 4:09–CV–112–A, 2010 WL 5094307 (N.D. Tex. Dec. 3, 2010) compels reversal in this case. Appellant argues that *S.J.P.* is factually similar to the present case and because the district court in *S.J.P.* ruled that the defendant received ineffective assistance of counsel, we must do the same in appellant's case. We disagree, noting that district court's ruling in *S.J.P.* was reversed by *Pape v. Thaler*, 645 F.3d 281 (5th Cir. 2011).