Michael Eugene HOLLOWELL,
Appellant,

v.

The STATE of Texas, Appellee.

No. 55940.

Court of Criminal Appeals of Texas,
Panel No. 1.

Sept. 27, 1978.

John Ellis, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Fred C. McDaniel, Bob Hinton and Kelly Loving, Asst. Dist. Attys., Dallas, for the State.

Before ODOM, VOLLERS and W. C. DAVIS, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for burglary of a building; punishment, enhanced by the proof of one prior conviction, was assessed by the jury at 15 years.

In three grounds of error appellant challenges the sufficiency of the evidence to prove the prior conviction alleged for enhancement, the admission of fingerprint evidence, and prosecutorial argument at the punishment stage.

Appellant first argues the evidence does not show his prior conviction was for

an offense "legally pending against him and that the said Court then and there had jurisdiction of said cause" as submitted in the jury instructions. No authorities are cited. The State points out that appellant testified and admitted the prior conviction, that the "pen packet" showing the prior conviction was introduced, and that no issue was raised at trial regarding the jurisdiction of the court hearing the prior cause. There having been no issue raised, the presumption of regularity from the judgment and sentence in the prior cause is that the court had jurisdiction of the cause. The ground of error is overruled.

██ Appellant next contends that due process was violated when the State was allowed to introduce evidence that his palmprint matched one lifted from a trophy at the scene of the burglary. He argues that the State did not disclose the existence of the print found at the scene despite his motion for discovery that was granted by the trial court. The motion that was granted under Article 39.14, V.A.C.C.P., required in part "the production [of] any papers, objects or *real evidence*, that is *in the possession of the police* or District Attorney's office which may in any way be material to the guilt or innocence of this Defendant." (Emphasis added.) The palmprint clearly was within the motion. It was real evidence and it was obtained by a Dallas police officer who participated in the investigation at the crime scene. The State's contention that it was unaware of the existence of the print until the trial was in progress is untenable. First, just as defense counsel has an obligation to investigate the case before he goes to trial, the prosecutor has a duty to know what evidence is at his disposal. Furthermore, the motion granted by the trial court was directed to evidence in the possession of the police; the order granting the motion therefore placed a specific duty on the prosecutor in this case to ascertain what evidence within the terms of the granted motion was held by the police and to make such evidence available to the defense under the terms of the order.

██ We nevertheless find no reversible error. Appellant not only was arrested at the scene in the burglarized premises; he also testified and admitted his presence, while contending it was under innocent circumstances. We conclude any error was harmless. Furthermore, *Terrell v. State*, Tex.Cr.App., 521 S.W.2d 618, and *Detmering v. State*, Tex.Cr.App., 481 S.W.2d 863 are distinguishable in that motions for discovery there were improperly denied. The trial court here granted the motion but the State failed to comply with it. Although evidence willfully withheld from disclosure under a discovery order should be excluded from evidence, we hold its admission here was harmless. The ground of error is overruled.

██ In his final ground of error appellant complains the prosecutor referred to him in jury argument as an habitual criminal. The reference was at the punishment stage. Appellant had admitted at least three other convictions from the witness stand. We conclude the comment was a reasonable deduction from the evidence.

The judgment is affirmed.

VOLLERS, J., concurs in the result.