TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00727-CR







Diane Bailey AKA Deborah Crosby, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-98-0749-S, HONORABLE DICK ALCALA, JUDGE PRESIDING







 A jury convicted Diane Bailey of possession with intent to deliver a controlled
substance and assessed punishment at sixty years confinement. See Tex. Health & Safety Code
Ann. § 481.116(d) (West Supp. 2000). On appeal, Bailey complains of the admission of certain
evidence and of the trial court's failure to strike a venireperson for cause. We will affirm.


Discussion


Admission of Crime Scene Photographs

 The Rio Concho Multi-Agency Drug Enforcement Task Force executed a search
and arrest warrant at Bailey's residence. During the execution of the search warrant, officers
found crack cocaine on Bailey's person and in her house. Two officers participating in the raid
took photographs of the crime scene. The photographs depict generally evidence found in
Bailey's house including the controlled substances, packaging materials, cash, and letters
addressed to Bailey.

 Bailey filed a motion for discovery specifically requesting any photographs of the
crime scene. Although the trial court did not sign a written discovery order, the State represented
on the record at a pretrial hearing on July 6, 1999, that it had produced photographs for
inspection. After the jury had been selected on July 19 but before the State began its case, the
State informed Bailey of several additional photographs ("second set") it had discovered that day
which were of significantly better quality than those originally produced. The photographs were
made available to Bailey the next day, but when the State offered the second set of photographs,
Bailey objected on the ground that they were not timely produced. The trial court overruled the
objection and admitted the second set of photographs.

 The admission or exclusion of evidence is a matter within the sound discretion of
the trial court. Jackson v. State, 575 S.W.2d 567, 570 (Tex. Crim. App. 1979). Error in the
admission or exclusion of evidence is subject to the harmless error rule. Hepner v. State, 966
S.W.2d 153, 160 (Tex. App.--Austin 1998, no pet.). If the error does not affect a substantial right
of the defendant, it must be disregarded. Tex. R. App. P. 44.2(b). A substantial right is affected
when the error had a substantial and injurious effect or influence in determining the jury's verdict. 
King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing Kotteakos v. U.S., 328 U.S.
750, 776 (1946)).

 Criminal defendants do not have a general right to discover evidence in the State's
possession, but they have been granted limited discovery. See Tex. Code Crim. Proc. Ann. art.
39.14 (West Supp. 2000); Scaggs v. State, 18 S.W.3d 277, 294-95 (Tex. App.--Austin 2000, n.
pet. h.). A defendant's right to discovery is limited to exculpatory or mitigating evidence. 
Dickens v. Court of Appeals for the Second Supreme Judicial District, 727 S.W.2d 542, 551 (Tex.
Crim. App. 1987); King v. State, 746 S.W.2d 515, 517 (Tex. App.--Dallas 1988, pet. ref'd). 
Beyond this, discovery is left to the discretion of the trial court under article 39.14. King, 746
S.W.2d at 517. Evidence willfully withheld from disclosure under a discovery order should be
excluded. Hollowell v. State, 571 S.W.2d 179, 180 (Tex. Crim. App. 1978); King, 746 S.W.2d
at 517. However, when the evidence is admitted, the standard for review is whether the trial
court abused its discretion. King, 746 S.W.2d at 517. In reviewing the trial court's exercise of
discretion, we may consider the bad faith of the State and the reasonable anticipations of the
defendant. Id. While bad faith by the State can establish abuse of discretion, the error may be
harmless. King, 746 S.W.2d at 517. To be harmful, the evidence withheld from the defendant
must be such as would have affected the outcome of the trial in the defendant's favor. King, 746
S.W.2d at 517 (admission of evidence without prior inspection by defendant did not deprive
defendant of opportunity to raise doubt as to guilt, not otherwise existing). (1)

 We conclude that the trial court did not err in admitting the second set of
photographs. Bailey does not contend that the State willfully withheld evidence or that it acted
in bad faith. There is no evidence in the record that the State wilfully withheld the photographs. 
Additionally, there is no evidence of bad faith on the part of the State in its late production of the
photographs. Bailey knew that the officers had taken photographs at the scene and that the State
had photographs, some of which had been previously made available to her. Therefore, Bailey
could have reasonably anticipated that the State would attempt to offer photographic evidence at
the trial.

 Moreover, even assuming a showing of bad faith, we cannot see that the admission
of the photographs harmed Bailey by affecting her substantial rights or by influencing the jury's
verdict. Bailey did not dispute that she lived in the house where the controlled substances were
found and where the photographs were taken. The officers participating in the raid testified that
Bailey was in the house when they entered. Several of the officers witnessed Bailey struggling
with the officer who attempted to detain her and attempting to conceal a package of drugs in her
mouth. The officers also identified crack cocaine as well as a crack pipe and a scale, found in
various locations in the house. The State introduced into evidence the controlled substances and
the packaging material. The photographs at issue simply depicted the items in evidence in their
location in Bailey's home.

 After reviewing the record, we conclude that Bailey has not shown that the trial
court abused its discretion by admitting the State's photographs, and that in any event, any error
was harmless. We overrule Bailey's first issue.

Voir Dire Error

 Bailey challenged venireperson Stout for cause. After questioning by the trial judge
and the attorneys, the trial court overruled the challenge for cause. Bailey did not further object
and the trial court impaneled the jury. Stout did not sit on the jury. Bailey contends the trial
court erred by failing to remove venireperson Stout for cause because she indicated that she would
have difficulty assessing the minimum punishment. As Bailey describes, the prospective juror
never gave a clear answer to the inquiry but hesitated in her answers.

 To preserve error and show harm for the denial of a challenge for cause, the
defendant must demonstrate that: (1) she asserted a specific challenge for cause on clearly
articulated grounds; (2) she used a peremptory challenge on that juror; (3) all of her peremptory
challenges were exhausted; (4) she requested additional strikes which were denied; and (5) an
objectionable juror sat on the case. Bigby v. State, 892 S.W.2d 864, 882-83 (Tex. Crim. App.
1994).

 Bailey contends that she used a peremptory challenge to strike venireperson Stout;
however, nothing in the record supports this assertion, and Bailey did not offer her strike list into
evidence. Moreover, Bailey did not inform the trial court that she would exhaust her peremptory
challenges if Stout were not struck for cause, did not request additional strikes, and did not
identify an objectionable juror who sat on the jury panel as a result of the trial court's ruling. We
overrule Bailey's second issue.


Conclusion


 Having overruled Bailey's two issues, we affirm the trial court judgment.



 


 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie and Justices Kidd and B. A. Smith

Affirmed

Filed: August 31, 2000

Do Not Publish

1. The elements which would establish a potential effect on the trial outcome are: (1)
suppression of evidence after a request by the defense; (2) the evidence was favorable to the 
defense; and (3) the evidence was material. Moore v. Illinois, 408 U.S. 786, 794-95 (1972);
Ransonette v. State, 550 S.W.2d 36, 39 (Tex. Crim. App. 1976); King, 746 S.W.2d at 517. The
mere possibility that an item of undisclosed information might have helped the defendant or might
have affected the outcome of the trial does not establish materiality. Quinones v. State, 592
S.W.2d 933, 941 (Tex. Crim. App. 1980).


the outcome of the trial in the defendant's favor. King, 746
S.W.2d at 517 (admission of evidence without prior inspection by defendant did not deprive
defendant of opportunity to raise doubt as to guilt, not otherwise existing). (1)

 We conclude that the trial court did not err in admitting the second set of
photographs. Bailey does not contend that the State willfully withheld evidence or that it acted
in bad faith. There is no evidence in the record that the State wilfully withheld the photographs. 
Additionally, there is no evidence of bad faith on the part of the State in its late production of the
photographs. Bailey knew that the officers had taken photographs at the scene and that the State
had photographs, some of which had been previously made available to her. Therefore, Bailey
could have reasonably anticipated that the State would attempt to offer photographic evidence at
the trial.

 Moreover, even assuming a showing of bad faith, we cannot see that the admission
of the photographs harmed Bailey by affecting her substantial rights or by influencing the jury's
verdict. Bailey did not dispute that she lived in the house where the controlled substances were
found and where the photographs were taken. The officers participating in the raid testified that
Bailey was in the house when they entered. Several of the officers witnessed Bailey struggling
with the officer who attempted to detain her and attempting to conceal a package of drugs in her
mouth. The officers also identified crack cocaine as well as a crack pipe and a scale, found in
various locations in the house. The State introduced into evidence the controlled substances and
the packaging material. The photographs at issue simply depicted the items in evidence in their
location in Bailey's home.

 After reviewing the record, we conclude that Bailey has not shown that the trial
court abused its discretion by admitting the State's photographs, and that in any event, any error
was harmless. We overrule Bailey's first issue.

Voir Dire Error

 Bailey challenged venireperson Stout for cause. After questioning by the trial judge
and the attorneys, the trial court overruled the challenge for cause. Bailey did not further object
and the trial court impaneled the jury. Stout did not sit on the jury. Bailey contends the trial
court erred by failing to remove venireperson Stout for cause because she indicated that she would
have difficulty assessing the minimum punishment. As Bailey describes, the prospective juror
never gave a clear answer to the inquiry but hesitated in her answers.

 To preserve error and show harm for the denial of a challenge for cause, the
defendant must demonstrate that: (1) she asserted a specific challenge for cause on clearly
articulated grounds; (2) she used a peremptory challenge on that juror; (3) all of her peremptory
challenges were exhausted; (4) she requested additional strikes which were denied; and (5) an
objectionable juror sat on the case. Bigby v. State, 892 S.W.2d 864, 882-83 (Tex. Crim. App.
1994).

 Bailey contends that she used a peremptory challenge to strike venireperson Stout;
however, nothing in the record supports this assertion, and Bailey did not offer her strike list into
evidence. Moreover, Bailey did not inform the trial court that she would exhaust her peremptory
challenges if Stout were not struck for cause, did not request additional strikes, and did not
identify an objectionable juror who sat on the jury panel as a result of the trial court's ruling. We
overrule Bailey's second issue.


Conclusion


 Having overruled Bailey's two issues, we affirm the trial court judgment.



 


 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie and Justices Kidd and B. A. Smith

Affirmed

Filed: August 31, 2000

Do Not Publish

1. The elements which would establish a potential effect on the trial outcome are: (1)
suppression of evidence after a request by the defense; (2) the evidence was favorable to the 
defense; and (3) the evidence was material. Moore v. Illinois,