COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  | § |  |
|---|---|---|
| ALONSO ISRRAEL ROEL, | § | No. 08-19-00243-CR |
| Appellant, | § | Appeal from the |
| v. | § | Criminal District Court No. 1 |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20180D05402) |
|  | § |  |

## **O P I N I O N**

Appellant Alonso Isrrael Roel was found guilty in a jury trial of possession of more than four ounces, but less than five pounds, of marijuana. The central point of contention is whether the State tied Appellant to marijuana found in a vehicle outside the hotel room he was occupying. And a key piece of evidence to make that connection was a hotel check-in form where Appellant identifies the vehicle as his. In this appeal, he contends (1) that the evidence was insufficient to support the conviction, and (2) that trial court improperly admitted business records of the hotel which included the check-in form because the State failed to disclose that evidence ten days prior to trial.

We affirm the conviction for the following reasons.

# I. BACKGROUND

## A. Procedural Background

Important to understanding Appellant's failure to disclose evidence claim, Appellant was indicted twice. In June of 2017, the State indicted Appellant for possession of marijuana, possession of cocaine, possession of methamphetamine, and possession of psilocybin. The case was assigned to the Criminal District Court Number One for El Paso County, and the parties engaged in typical pretrial discovery and preparations until the case was dismissed in October 2018 because it was being reindicted. The new indictment included three charges--possession of marijuana, possession of cocaine, and possession of methylenedioxy. That case was assigned to the same trial court that took judicial notice of the new and previous cause numbers. The State filed, and the trial court granted, a motion to carry all documents over to the second case.

In the second case, a jury convicted Appellant on Count I, possession of marijuana over four ounces, but less than five pounds. The jury found Appellant not guilty on Counts II and III (possession of cocaine and MDMA). The trial court sentenced Appellant to three years in prison.

## B. Factual Background[1]

Officer Pete Garay from the El Paso Police Department responded to a narcotics in progress call at a Comfort Suites hotel. Officer Garay spoke with the hotel staff who reported that customers complained of the smell of marijuana coming from a room rented to Appellant. The officer smelled an odor of marijuana when he reached the floor where the room was located. He knocked on the door, and when Appellant opened the door, the officer smelled a stronger odor of burnt marijuana from inside the room. When asked about the odor of marijuana, Appellant admitted

---

[1] Because the jury found Appellant not guilty on the possession of cocaine and MDMA, we focus primarily on the facts pertaining to possession of marijuana.

that he and his guests had been smoking marijuana, but that there was no more marijuana in the room.

Appellant gave Officer Garay consent to enter the room. There, the officer observed four individuals, two males including Appellant and two females, and he could see fresh marijuana on the television stand. Appellant admitted to ownership of the marijuana on the television stand. The females consented to a search of their purses, and the officer located cocaine in one of those purses. When other officers arrived, they found narcotics under the bed where Appellant and the other male had been sitting. None of the individuals took ownership of the other drugs found in the room, which included cocaine, methamphetamine, mushrooms (later lab tested to be MDMA), and marijuana. The officers arrested all four individuals.

One of the individuals, Morella Vela, testified at Appellant's trial. Vela testified she and the others were smoking weed, and she agreed there was cocaine in the room and the cocaine was under the bed. She also testified that Appellant handled the marijuana in the room. Vela further told the officers that Appellant's vehicle was parked outside of the hotel. Officer Garay testified that upon doing a pat-down search, he found car keys in Appellant's pocket. A narcotics unit was called in to further investigate a vehicle parked at the hotel. The car keys that were on Appellant's person were later given to the narcotics detective.

Detective Eric Garcia, who was then assigned to a narcotics unit, spoke with Officer Garay and the two females in custody at the police station. Detective Garcia then went to the hotel parking lot to investigate the suspected vehicle. He had obtained the car keys from the police station. Upon approaching the vehicle, he smelled the odor of marijuana. Detective Garcia used a flashlight and observed a package of marijuana in plain view on the driver's side floor. When he opened the vehicle, he found two bags of marijuana, which had a total weight of 4.4 ounces.

The marijuana from the vehicle was admitted into evidence at trial, but the marijuana found in the hotel room was, for reasons unrelated to this appeal, excluded from evidence. So the possession of marijuana charge made against Appellant turns on the marijuana found in the vehicle. In that regard, Detective Garcia testified that the vehicle was registered to a person sharing Appellant's same last name and address. Inside the vehicle, Detective Garcia also found a vehicle insurance card, listing "Nicolas Roel" as the named insured. The address on the insurance card matched Appellant's address shown on his driver's license. While the detective had no firsthand knowledge that Appellant was seen with the vehicle, none of the other three individuals arrested had the same last name matching the vehicle insurance.

And as we explain in more detail below, the State admitted into evidence the guest receipt for the Comfort Suites room rented to Appellant, which includes a check-in form, with a handwritten notation of the license plate number for the vehicle that the police later searched and in which they found the marijuana.

## II. ISSUE ONE: SUFFICIENCY OF EVIDENCE TO SUPPORT THE CONVICTION

Appellant first asserts that the State failed to show he had possession of the marijuana in the vehicle because no one witnessed him driving the vehicle. Appellant further argues that the State: (1) failed to show the keys from Appellant's pocket were the same as the ones Detective Garcia used to open the vehicle; (2) failed to test the vehicle for fingerprints; (3) failed to test the bags of marijuana for fingerprints; and (4) failed to provide video surveillance from the hotel showing Appellant was with the vehicle. Accordingly, Appellant argues the State did not prove he possessed the marijuana. We disagree.

**A. Controlling Law**

*1. The Jackson analysis*

The Fourteenth Amendment's guarantee of due process requires that every conviction must be supported by legally sufficient evidence. *See Jackson v. Virginia*, 443 U.S. 307, 315-16 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex.Crim.App. 2010). In a legal sufficiency challenge, we focus solely on whether the evidence, when viewed in the light most favorable to the verdict, would permit *any* rational jury to find the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 318-19; *Brooks*, 323 S.W.3d at 912 (establishing legal insufficiency under *Jackson v. Virginia* as the only standard for review of the evidence).

Applying that standard, we recognize that our system designates the jury as the sole arbiter of the credibility and the weight attached to the testimony of each witness. *Metcalf v. State*, 597 S.W.3d 847, 855 (Tex.Crim.App. 2020); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex.Crim.App. 2014). Only the jury acts "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Clayton v. State*, 235 S.W.3d 772, 778 (Tex.Crim.App. 2007), *quoting Jackson*, 443 U.S. at 319. In doing so, the jury may choose to believe or disbelieve that testimony. *Lancon v. State*, 253 S.W.3d 699, 707 (Tex.Crim.App. 2008). The jury remains at liberty to believe "all, some, or none of a witness's testimony." *Metcalf*, 597 S.W.3d at 855. When the record supports conflicting inferences, we presume that the jury resolved the conflicts in favor of the verdict, and we defer to that determination. *Dobbs*, 434 S.W.3d at 170; *see also Jackson*, 443 U.S. at 319.

We remain mindful that "[t]here is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by *Jackson*." *Brooks*, 323 S.W.3d at 917 (Cochran, J., concurring). However, "[w]e are not to sit as a thirteenth

5

juror reweighing the evidence or deciding whether we believe the evidence established the element in contention beyond a reasonable doubt[.]" *Blankenship v. State*, 780 S.W.2d 198, 207 (Tex.Crim.App. 1988) (en banc). Instead, "we test the evidence to see if it is at least conclusive enough for a reasonable factfinder to believe based on the evidence that the element is established beyond a reasonable doubt." *Id.*, *citing Jackson*, 443 U.S. at 318.

### 2. *Possession of a controlled substance*

To support a conviction for possession of a controlled substance, the State must prove that the accused (1) exercised control, management, or care over the substance; and (2) knew the matter possessed was contraband. *See Evans v. State*, 202 S.W.3d 158, 161 (Tex.Crim.App. 2006); TEX. HEALTH & SAFETY CODE ANN. §§ 481.121(a), (b)(3), 481.002. Texas law provides that "[a] person acts knowingly, or with knowledge, with respect . . . to circumstances surrounding his conduct when he is aware . . . that the circumstances exist." TEX.PENAL CODE ANN. § 6.03(b). "A person acts intentionally, or with intent, with respect . . . to a result of his conduct when it is his conscious objective or desire to . . . cause the result." *Id.* § 6.03(a).

While mere presence is insufficient to establish possession when the contraband is not in the exclusive possession of the defendant, a fact finder may nonetheless infer that the defendant knowingly or intentionally possessed the contraband if sufficient independent facts and circumstances justify such an inference. *See Tate v. State*, 500 S.W.3d 410, 413-14 (Tex.Crim.App. 2016). In *Evans v. State*, the Court of Criminal Appeals recognized a non-exhaustive list of factors that may indicate a link connecting the defendant to the knowing possession of contraband. *Evans*, 202 S.W.3d at 162 n.12. The factors are:

> (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when

arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt.

*Id.* The Court of Criminal Appeals indicated that, although these factors may guide a court's analysis, the ultimate inquiry is still a *Jackson* analysis. *See Tate*, 500 S.W.3d at 413-14.

### B. Analysis

Viewing the evidence in the light most favorable to the verdict, the record reflects that a rational jury could have found Appellant guilty, beyond a reasonable doubt, of possession of the marijuana that was in the vehicle. *See Tate*, 500 S.W.3d at 417.

Not all of the *Evans* factors are implicated in this case, but those that are, point towards guilt. The most relevant--"whether the defendant owned or had the right to possess the place where the drugs were found"--cuts against Appellant's case. Appellant, as the guest renting the hotel room, signed his name at registration, and listed the vehicle license plate during sign-in. The vehicle insurance found inside the vehicle showed the same last name and address as Appellant. The vehicle was similarly registered to someone with Appellant's last name and at his listed address. No other individuals in the hotel room arrested that night had that same name. A witness who was in the hotel room told officers that Appellant's vehicle was parked in the hotel parking lot. The arresting officer found a set of keys on Appellant's person that were later given to a narcotics detective who used them to open the vehicle. While Appellant challenges the chain of possession of those keys, that is the sort of question a fact finder decides, and here there was a sufficient chain of custody such that the jury could conclude the keys found on Appellant were the same keys used to open the car. Aligned with this factor, the vehicle was enclosed and locked,

7

which undermines the possibility that some stranger left the drugs there.

Another relevant *Evans* factor--whether the drugs were found in plain view--also works against Appellant in two ways. First the drugs inside the vehicle were in plain view and the detective smelled the odor of marijuana coming from the vehicle. Those facts suggests that the person who controlled the vehicle would be cognizant of the drugs in the vehicle--and thus knowingly possessed them. *See Tate*, 500 S.W.3d at 417. Second, Appellant took ownership of the marijuana found in the hotel room, admitted smoking marijuana, and a witness identified Appellant as the person handling the marijuana. While the marijuana in the room was not admitted into evidence, the fact that Appellant admitted to possessing marijuana there (and admitting to using marijuana), makes it more likely that he also possessed the marijuana found in a nearby vehicle that was linked to Appellant. And the fact that the vehicle was near the hotel room rented by Appellant satisfies another Evans factor: "the defendant's proximity to and the accessibility of the narcotic[.]" *Evans*, 202 S.W.3d at 162 n.12.

The number of affirmative links is not as important as the logical force of the direct and circumstantial evidence. *Id*. at 162. In this case, a rational jury could infer that Appellant was the owner-driver of the vehicle, thereby connecting him to the marijuana in the vehicle, and had knowledge of the drugs in the vehicle that were in plain view.[2] Taking evidence in the light most favorable to the verdict and based on the *Jackson* analysis, we find that a rational juror could have found Appellant guilty of possession of marijuana beyond a reasonable doubt.

We overrule Issue One.

### III. ISSUE TWO: FAILURE TO TIMELY DISCLOSE DISCOVERY

In Issue Two, Appellant challenges the admissibility of the hotel registration form which

---

[2] Appellant does not raise a challenge on whether he knew the drug was marijuana.

we have identified as one of the pieces of evidence linking Appellant to the vehicle. The Comfort Suites receipt and registration form was admitted through a business records affidavit that was filed in the case after the first indictment. The actual Comfort Suites documents were not attached to the Notice of Intent pleading filed with the district clerk, but at the time, they were available for Appellant's counsel to view through the "portal" which is an on-line method by which defense attorneys can see the district attorney's file.[3] When the case was reindicted, the trial court carried forward all the pleadings into the new case. But apparently the hotel receipt and registration form were not a part of the portal available when the new case was set up and the portal access to the old case ended when the old case was dismissed.

Appellant premises his second issue on the failure of the State to disclose the Comfort Suites documents. He specifically contends that the trial court abused its discretion by admitting the Comfort Suites documents because the documents were only first presented at trial. He claims that they should have been provided ten days prior to trial, and they were not uploaded to the online portal.[4] We disagree.

The relevant sequence of events is as follows:

- June 13, 2017--The original indictment charged Appellant with possession of marijuana, possession of cocaine, possession of methamphetamine, and possession of psilocybin.

- July 3, 2017--The trial court entered a pretrial discovery order, which was filed in the original cause number.

- July 12, 2017--Defense counsel entered as attorney of record for Appellant.

---

[3] The 34th Judicial District Attorney's Office employs an online portal allowing enrolled defense attorneys to have electronic access to the State's file on their clients, subject to certain terms and conditions. *See generally* 34th Judicial Dist. Attorney's Office, *Conditions of District Attorney Portal Use by Defense Attorneys*, El Paso Cnty., http://www.epcounty.com/da/documents/caseportalterms.pdf (last visited May 27, 2021 (outlining system use policy)).

[4] There are no discovery issues raised under *Brady* or Article 39.14 of the Texas Code of Criminal Procedure.

- October 23, 2018--The case was reindicted into the current cause number and charged Appellant with possession of marijuana, possession of cocaine, and possession of methamphetamine. The indictment noted that each offense charged had previously been indicted under the original cause number.

- October 29, 2018--In the original cause number, the State filed a "Notice of Filing Self-Authenticated Business Records" which included the business records affidavit of the custodian of records from the Comfort Suites hotel. The notice stated that the three pages of business records "ha[ve] been made available to defense counsel[.]"

- October 31, 2018--The trial court signed an order granting the State's motion to dismiss the original indictment for the reason that the case had been refiled and reindicted under a new cause number.

- January 14, 2019--The State filed a motion to carry over all filings, motions, notices, and any other documents filed under the previous cause number into the current one, which the trial court grants the same day.

When the State moved to admit the Comfort Suites documents, Appellant objected that the State failed to make the document available to the defense ten days in advance of trial and claimed it violates Appellant's right to a fair trial.[5] The trial court overruled the objection and admitted the evidence.

## A. Controlling Law

### 1. Standard of review

An appellate court reviews the trial court's decision to admit or exclude evidence under an abuse of discretion. *Martinez v. State*, 867 S.W.2d 30, 39 (Tex.Crim.App. 1993). A reviewing court must give total deference to a trial court's findings of fact based on credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). When the trial court does not enter

---

[5] Appellant also argued below that the business records had handwriting on them that raised reliability concerns, but that argument has not been brought forward on appeal. Nor does Appellant's brief advance on appeal the due process argument argued to the trial court.

findings of fact, the appellate court views evidence in the light most favorable to the trial court's ruling and assumes the findings support the rulings so long as the ruling is supported by the record. *Francis v. State*, 428 S.W.3d 850, 855 (Tex.Crim.App. 2014). Reviewing courts should uphold evidentiary rulings unless the decision was not within a "zone of reasonable disagreement[.]" *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App. 1991) (opin. on reh'g).

### 2. Willful conduct

"Evidence willfully withheld from disclosure under a discovery order should be excluded from evidence." *Oprean v. State*, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006), *quoting Hollowell v. State*, 571 S.W.2d 179, 180 (Tex.Crim.App. 1978). Yet for willful inaction, the prosecutor must have intended to violate the court's order or harm the defendant. *Id.* at 726-27, *citing State v. LaRue*, 152 S.W.3d 95, 97 (Tex.Crim.App. 2004); *see also Francis v. State*, 428 S.W.3d 850, 855 (Tex.Crim.App. 2014) (standing alone, a prosecutor's extreme negligence or recklessness in failing to comply with a discovery order does not justify excluding relevant evidence). Courts may determine whether the State acted willfully by two factors: was the failure to disclose evidence done in bad faith; and can the defendant reasonably anticipate that evidence? *State v. Sanchez*, No. 08-13-00010-CR, 2014 WL 2090546, at *11 (Tex.App.--El Paso May 16, 2014, pet. ref'd) (not designated for publication). The validity of the prosecutor's explanation is relevant in determining intent to willfully disobey the discovery order. *Oprean*, 201 S.W.3d at 728.

### B. Analysis

Appellant contends that because the business record was not on the online portal, the trial court's decision to admit the records was outside the "zone of reasonable disagreement" and the documents were extremely harmful. We disagree.

First, there is no dispute that the Notice of Intent to Admit Business Records was timely

filed in the first case and carried over to the second case. It was emailed to defense counsel's office. And during the pendency of the first case, defense counsel could have found the actual business records on the portal. Second, the trial court heard from the prosecutor who explained the situation, and contended that he specifically informed defense counsel of the nature of the documents:

> [PROSECUTOR]: So, Your Honor, I have told this defense attorney on numerous occasions, probably approximately ten times, that we have a sheet now -- unlike the other case we didn't have the sheet -- but we have a sheet now where the defendant -- when he was signed into the room it shows that he put his license plate, his name and also the registration for the hotel room. I said I had filed that into the case in the 2017 case. So that was actually filed, Your Honor, in 10-29 of 2018 when the defendant had access to this portal account, Your Honor. And then the State filed a motion to carry over and that motion to carry over was signed on January 15th of 2019. So, again, defense had . . . notice of this document beforehand. And all of the documents from the 2017 case all carried over to the 2018 case. And if defense had an issue with it, and they said they were ready, Your Honor -- if they said they didn't have access that or they didn't have that document, the State would have actually given them another copy -- a paper copy -- if they wanted to. But, again, all these motions have been carried over from the 2017 case.

Defense counsel did not dispute that claim, and relied instead on their absence from the file available on the portal in the second case:

> [DEFENSE COUNSEL]: And taking the State's word that it was made available I had no concerns. However, upon seeing the portal, it's to my avail, Your Honor, it was not there. Therefore, we haven't had an opportunity to inspect it as is required.

The trial judge considering these arguments, concluded that the State met its obligation, even if it did so "minimally":

> THE COURT: And you're saying that you didn't receive notice of these documents. But there is, prior to the 2017 cause number, this motion for notice of filing of self-authenticating business records is filed. Then once it was dismissed and indicted in January there was also a motion to carry over all of the motions. And I'm not talking about the portal which the DA's office has control of. I'm talking about through Odyssey.
>
> Now, while I think that what the DA's office should have done is uploaded it to the 2018 cause number especially if they were going to offer it as an exhibit. I think

that minimally they did comply with giving you notice. One, with filing the business record, and then in the 2017 cause number -- then additionally in January with filing the motion to carry over all of the motions from the 2017.

Would I have preferred that they uploaded any exhibits that they were going to introduce into evidence in the 2018 to make it easier for you to review? Yes. But I don't think that it rises to the occasion where it would be that you didn't have notice and that you wouldn't know of its existence if you had looked at what was filed.

The record does not reflect that Appellant ever requested to see the business records and that the State denied Appellant access to them. The record does not show that the prosecutor was aware of the glitch in the portal system because of the two cases, and the record is undeveloped as to why the documents were not carried over in the portal system between the first and second cases. But the record does establish that the State provided notice of the existence of the documentation (both through its court filings, and oral discussions between counsel), and that the document itself was at one time uploaded to the online portal. Based on this record we find no evidence that the trial court abused its discretion in failing to find the State "willfully" withheld the documents as that term is defined by the Texas Court of Criminal Appeals.

Moreover, Appellant's specific contention that the State should have provided copies of the documents ten days prior to trial also fails. The relevant discovery order does not contain a ten-day deadline to disclose this kind of evidence, but rather requires a "mutually agreed to time" for the exchange of evidence, and failing that, a Court imposed deadline. The record does not reflect that there was such an evidence exchange at which the State willfully failed to disclose its physical evidence.

Accordingly, the trial court did not abuse its discretion in admitting this evidence. Because we find no error in the admission of the evidence, we decline to address harm. Appellant's Issue Two is overruled.

## IV. Conclusion

Having overruled all of Appellant's issues on appeal, we affirm the trial court's judgment adjudicating guilt.

JEFF ALLEY, Justice

May 28, 2021

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)

14