

# IN THE
# TENTH COURT OF APPEALS

## No. 10-18-00187-CR

**THE STATE OF TEXAS,**

**Appellant**

 **v.**

**DWAYNE ROBERT HEATH,**

**Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2017-241-C2

## OPINION

The State of Texas appeals an order of the trial court that granted Heath's motion

to suppress "illegally withheld" evidence. *See* TEX. CODE CRIM. PROC. art. 44.01(a)(5).[1] The

trial court found that the prosecution had failed to produce a 9-1-1 recording "as soon as

practicable" after a request by the defendant and ruled that the evidence was excluded.

---

[1] The pretrial exclusion of evidence has been held to be appealable by the State pursuant to Article 44.01(a)(5) even if it was not excluded pursuant to a traditional motion to suppress evidence. *See State v. Medrano*, 67 S.W.3d 892 (Tex. Crim. App. 2002) (State may appeal an adverse pretrial ruling on a "motion to suppress" that seeks to exclude evidence as inadmissible rather than to suppress evidence as illegally obtained). The State certified in its notice of appeal that the excluded evidence is "of substantial importance" to the State's case," an assertion we are not permitted to review. *See State v. Chupik*, 343 S.W.3d 144, 145-46 (Tex. Crim. App. 2011).

*See* TEX. CODE CRIM. PROC. ANN. art. 39.14(a). In one issue, the State complains that the trial court abused its discretion by granting the motion to exclude the evidence because a motion for continuance was necessary for Heath to preserve his complaint and that there was no willful violation of the discovery statute or other constitutional basis upon which to exclude the evidence. Because we find no abuse of discretion, we affirm the trial court's order granting the motion to suppress evidence.

In our original opinion in this proceeding, this Court found that the motion was erroneously granted because Heath's request for discovery was inadequate and therefore the State did not have a duty to produce the recording. *See State v. Heath*, 582 S.W.3d 495 (Tex. App.—Waco 2018). However, the Court of Criminal Appeals reversed, finding that this Court improperly addressed the adequacy of the request because the State did not preserve that issue before the trial court. *See State v. Heath*, No. PD-0012-19, 2019 Tex. Crim. App. Unpub. LEXIS 774 (Tex. Crim. App. Dec. 18, 2019) (not designated for publication). We must therefore assume for purposes of this opinion that there was a proper request for the recording.

Approximately one week prior to the fourth jury trial setting in this proceeding, the prosecutor discovered that there might be a 9-1-1 recording related to the alleged offense while interviewing the victim's grandmother in preparation for trial. The prosecutor thereafter investigated, learned a recording did exist, and procured the recording from the sheriff's department. The prosecutor produced the recording to Heath on the same day that it came into the prosecutor's possession, which was six days before

trial. Heath filed a pretrial writ of habeas corpus and motion to suppress illegally withheld evidence seeking the exclusion of the recording. After a hearing on the morning of the jury trial setting, the trial court granted Heath's motion to suppress and excluded the 9-1-1 recording. The State filed an interlocutory appeal of the trial court's ruling. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5). The trial court entered findings of fact and conclusions of law at the State's request.

**STANDARD OF REVIEW**

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Lerma v. State*, 543 S.W.3d 184, 189-90 (Tex. Crim. App. 2018). At the hearing on the motion, the trial court is the sole factfinder and judge of the credibility of the witnesses and of the weight to be given their testimony. *Id*. at 190. We therefore afford almost complete deference to the trial court's determinations of historical facts. *Id*. But we review de novo the legal significance of the facts found by the trial court. *Ramirez-Tamayo v. State*, 537 S.W.3d 29, 35 (Tex. Crim. App. 2017).

We must view the evidence in the light most favorable to the trial court's decision on the motion. *State v. Garcia*, 569 S.W.3d 142, 152-53 (Tex. Crim. App. 2018). When, as here, the trial court makes explicit fact findings, we determine whether the evidence, still viewed in the light most favorable to the trial court's decision, supports the findings. *Id*. at 153. We must defer to the trial court's findings if they, when read in their totality, reasonably support the trial court's legal conclusion. *Id.* This is so even if the findings might be ambiguous when viewed piecemeal and in isolation. *Id.* We give non-technical,

common-sense deference to each finding individually and to the totality of the findings. *See id.*

We sustain the trial court's decision on the motion if it is correct under any applicable theory of law. *State v. Cortez*, 543 S.W.3d 198, 203 (Tex. Crim. App. 2018). We may reverse only when the decision is arbitrary, unreasonable, or outside the zone of reasonable disagreement. *Id*.

**BACKGROUND FACTS**

Shortly after being appointed to represent Heath, counsel for Heath sent the state an email requesting discovery in March of 2017. Discovery was produced in response to this request in July of 2017. This proceeding had been set for trial and continued three times prior to the discovery of the recording and was continued due to other cases taking priority. The record is less than clear as to the procedure and whether or not the prosecutor actually announced "ready" for trial at those prior settings. The trial court's findings of fact do not include whether the parties announced "ready" at those prior settings.

On May 29, 2018, prior to voir dire on the fourth trial setting, the trial court conducted a hearing on Heath's motion. At the hearing, Heath argued that the 9-1-1 recording should be excluded solely because it was not produced "as soon as practicable" pursuant to article 39.14(a) of the Code of Criminal Procedure. Article 39.14(a) states that, upon proper written request by the defense, the State is required to produce certain items of discovery in its possession "as soon as practicable." *See* TEX. CODE CRIM. PROC. ANN.

art. 39.14(a). There is no dispute that the 9-1-1 recording was in the possession of the State, which is not limited to the prosecutor, but includes law enforcement and related agencies. *See id*. The parties further do not dispute that the recording was required to be produced because it was "material" as required in article 39.14(a). *See Watkins v. State,* 619 S.W.3d 265 (Tex. Crim. App. 2021).

In the hearing, counsel for Heath argued that the prosecutor's failure to ascertain the existence of the recording until the fourth trial setting was not due to bad faith on the part of the prosecutor but the prosecutor was under a duty to ascertain the existence of the recording and her failure to do so resulted in the recording's production not being made "as soon as practicable." Heath argued that because the recording was in the possession of "the State" since its creation, regardless of the bad faith or willful intent of the prosecutor, the recording should be excluded. In response to the State's offer of a continuance, Heath expressed that he did not want a continuance and that a continuance would not resolve the timeliness of the production of the recording. Heath did not argue that he was unable to proceed to trial if the recording was admitted into evidence, simply that it should be excluded because the prosecutor did not learn of its existence "as soon as practicable."

The prosecutor responded that she did not learn of the existence of the 9-1-1 recording until she conducted the interview with the witness and that the offense report or other information she had did not reflect that a 9-1-1 call was made. The prosecutor stated that 9-1-1 calls are not as common in offenses such as injury to a child and that she

did not know to look for a recording until the interview when the witness informed her that she called 9-1-1 to make an initial report of the offense. The prosecutor immediately sought the production of the recording and made it available to the defense the same day she received it. The prosecutor stated that she had learned of the existence of photographs during the pendency of the case, and had procured them from law enforcement immediately, but had nothing in her possession to indicate that a 9-1-1 recording existed prior to the interview.

Heath contended that he was not disputing the prosecutor's statements or that she had ever acted in bad faith in not learning of the existence of the recording. The trial court granted Heath's motion to exclude the recording and attempted to move to voir dire; however, the prosecutor expressed the State's intent to appeal his decision and the trial court granted a stay of the proceedings so that the exclusion could be appealed. The case remains stayed in the trial court.

The trial court's findings of fact include findings that the case had been set for pretrial on various dates but that the prosecutor "failed to ascertain the existence of the 9-1-1 recording" on each of those dates, that the prosecutor first learned of the existence of the recording when interviewing a witness on or about May 18, 2018, that the prosecutor "promptly" requested the recording from the sheriff's department, and that the prosecutor received and turned over the recording to Heath on May 23, 2018. The conclusions of law include a conclusion that the prosecutor "has 'a specific duty ... to ascertain what evidence within the terms of [article 39.14 is] held by the police and to

make such evidence available to the defense.' *See Hollowell v. State*, 571 S.W.2d 179, 180 (Tex. Crim. App. 1978)," and is under a "statutory duty" to disclose the evidence "as soon as practicable," that the prosecutor violated the duty that "as soon as practicable ... the state shall produce" the evidence, and therefore the evidence was excluded because the prosecutor failed to comply with article 39.14(a). There were no findings as to the intent of the prosecutor or the credibility of the witnesses.

In its sole issue on appeal, the State argues that the trial court abused its discretion by granting the motion to suppress the 9-1-1 recording because the failure of the prosecutor to produce the recording was not a "willful" violation of article 39.14(a) and therefore, exclusion was not the proper remedy.

FAILURE TO PRODUCE EVIDENCE

It has long been the law that "evidence willfully withheld from disclosure under a discovery order should be excluded from evidence." *See Hollowell v. State*, 571 S.W.2d 179, 180 (Tex. Crim. App. 1978). Since that time, however, the rules regarding criminal discovery have been changed with the enactment of the Michael Morton Act in article 39.14(a), which requires that "as soon as practicable after receiving a timely request from the defendant the state shall produce" certain categories of items in discovery. *See* TEX. CODE CRIM. PROC. ANN. art. 39.14(a). The statute now requires only a request, rather than a court order, to trigger the State's duty to produce discovery. However, the statute does not include a definition for what is "as soon as practicable," nor does it include any remedies for failure to comply with the request.

Historically, the exclusion of evidence is at its essence a court-fashioned sanction for prosecutorial misconduct. *See Francis v. State*, 428 S.W.3d 850, 855 (Tex. Crim. App. 2014). As such, "whether the trial court should exclude evidence on this basis has been made to hinge on 'whether the prosecutor acted with the specific intent to willfully disobey the discovery order[.]'" *Id*. at 855 (*quoting Oprean v. State*, 201 S.W.3d 724, 727 (Tex. Crim. App. 2006)). "Extreme negligence or even recklessness on the prosecutor's part in failing to comply with a discovery order will not, standing alone, justify the sanction of excluding relevant evidence." *Id*.; *see also State v. LaRue*, 152 S.W.3d 95, 97, 99-100 (Tex. Crim. App. 2004) (holding that although the prosecutor "may have been extremely negligent or even reckless with respect to the result of his actions," the evidence in the record did not show willful conduct on the part of the State). In other words, even though lesser remedies might suffice to cure harm, the most extreme remedy of exclusion is required only if the record shows the prosecutor intentionally violated the order in a calculated effort to frustrate the defense. *See Oprean*, 201 S.W.3d at 728.

On appeal, Heath argues that "willful" conduct by the State is satisfied because the prosecutor failed to satisfy her duty to ascertain what evidence is in the possession of the State as soon as practicable pursuant to article 39.14(a) of the Code of Criminal Procedure, as first required in *Hollowell*. *See Hollowell*, 571 S.W.2d at 180. In this, he contends that the prosecutor was under an affirmative duty to seek out what evidence was in the possession of the State earlier than it did, and the failure to do so in and of itself constitutes willful conduct that allows for exclusion of the evidence because it did not

occur "as soon as practicable." In this, Heath argues that a continuance would not have resolved the issue, because the fact that the evidence was not produced "as soon as practicable" could not be resolved by requiring him to seek more time to prepare for trial.

The question thus to be answered in this proceeding is whether the old concept of "willful violations" and "bad faith" still apply in the same way with the Legislature's use of the phrase "as soon as practicable" which arguably infused an element of timeliness into the timing of the discovery response regardless of willful misconduct. We find that they do not. In this context, in its amendments to article 39.14(a), the Legislature made a substantive change to the process for the disclosure of requested items. Previously, if the trial court ordered the State to provide discovery, the terms of the order would control as to what was to be produced, as well as how and when. As amended, responsive discovery is now to be provided "as soon as practicable," which has a connotation of a duty of the prosecutor to timely search out discovery that may be in the State's custody, constructive possession, or control and then to provide it to the defendant in a timely manner in response to a discovery request. It is no longer sufficient for the State to wait until it gets ready, or when the prosecutor decides to prepare the case for trial, to then search out and produce properly requested discovery. Rather, once discovery of an item is requested, the State now has an affirmative duty to search for the item and produce it to the defendant in a timely manner. While there is no hard and fast time period like the 30-day due date in civil cases set forth in the rules of civil procedure, and there should not be because the legislature did not set one, a failure to at least inquire about the existence

of discoverable items in response to a proper request in a timely manner is all the evidence necessary to show that the failure to timely produce the item in discovery was due to what was previously characterized as a "willful violation" or "bad faith". The prosecutor need not know what it is that is not being produced, but the failure to even look to see if there is something responsive to the request in light of the duty to search out responsive discovery is adequate for the trial court to fashion a remedy appropriate to the situation. The trial court has great discretion in determining the appropriate remedy depending on the circumstances of each case.

In a situation where the prosecutor was set for trial and presumably ready to proceed to trial without the evidence on three prior settings, the ruling by the trial court excluding the evidence that was not previously produced, in this instance the recording of the 9-1-1 call, is not an abuse of discretion. The trial court fashioned an appropriate sanction for the State's failure to timely produce the recording in response to the discovery request. We thus find that the trial court's decision, based on the information it had before it at the time of its ruling, did not constitute an abuse of discretion because the evidence was not produced "as soon as practicable."[2]

Further, we find that the State's contention that Heath was required to seek a

---

[2] The record of the hearing where the prosecutor set forth what efforts were taken to ascertain what evidence was in the State's possession was not thorough. Because this is a fact-dependent inquiry, the result might be different if the prosecutor had established what she had done to try to find what evidence was in the State's possession prior to May of 2018. Additionally, the Legislature has recently enacted Code of Criminal Procedure article 2.1397, which places an affirmative duty on the law enforcement agency that files a case with a prosecuting office to produce all information that would be required to be produced pursuant to article 39.14(a), seemingly in recognition that the duty to produce discoverable information extends beyond the prosecutor to all areas of law enforcement. *See* Acts 2021, 87th Leg., ch. 509 (S.B. 111), § 1, eff. Sept. 1, 2021, *codified as* TEX. CODE CRIM. PROC. Ann. art. 2.1397.

continuance to avoid a waiver of his complaint is without merit. A continuance could have been an appropriate remedy within the trial court's discretion; however, since the trial court granted Heath's motion and excluded the evidence, we find that a motion for continuance was not necessary in this circumstance.[3] We overrule the State's sole issue.

**CONCLUSION**

Having found no abuse of discretion, we affirm the trial court's order granting the motion to suppress evidence.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Smith, and
     Justice Wright[4]
Affirmed
Opinion delivered and filed February 16, 2022
Publish
[CR25]



---

[3] Moreover, the State had suffered an adverse ruling by the trial court and therefore the issue was preserved by the State, notwithstanding that it did not move for a continuance.

[4] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.