

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

———————————————

No. 08-25-00154-CR

———————————————

The State of Texas, Appellant

v.

Arizona Rooney, Appellee

---

On Appeal from the 143rd District Court
Reeves County, Texas
Trial Court No. 23-12-09230-CRR

---

## MEMORANDUM OPINION

The State filed this interlocutory appeal of the trial court's order excluding evidence that it untimely produced to the defense in discovery. Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (allowing for state appeal of order excluding evidence). For the following reasons, we affirm.

## I. BACKGROUND

In December 2023, Arizona Rooney was indicted for three separate but related offenses, one of which was intentionally and knowingly causing serious mental deficiency, impairment, or

injury to a child.[1] On May 9, 2024, Rooney's attorney filed and served a formal request for discovery. A jury trial was originally scheduled for July 29, 2024, but the trial court granted the parties' joint motion to continue the case for 90 days so that the State could "continue[] to request, receive and provide all discovery[.]" After a second continuance, trial was scheduled for March 3, 2025.

On February 6, 2025, less than a month before the trial date, the State provided Rooney with over 800 pages of discovery consisting of medical records and psychological evaluations, all of which were from before Rooney formally requested discovery in May 2024. At a pretrial hearing, Rooney's counsel informed the trial court that he needed time to review the newly produced discovery. He requested and the trial court granted another continuance, resetting the trial for April 28, 2025. On April 22, the State produced an additional 713 pages of discovery from a cell phone extraction.

On April 28, the day trial was to begin, Rooney filed a motion to exclude the evidence provided by the State in February and April 2025. She argued that the State violated Article 39.14 of the Texas Code of Criminal Procedure by not timely producing the records. The State agreed to the exclusion of the evidence produced in April, but not of that produced in February. After a hearing, the trial court granted the motion and stayed the trial to allow the State to appeal its ruling. Tex. Code Crim. Proc. Ann. art. 44.01(e) (entitling the state to a stay).

In the sole issue before us, the State argues that the trial court abused its discretion by excluding the evidence.

---

[1] Although filed in three separate cause numbers, all three offenses were being tried together. The order being appealed was entered in all three cases and has resulted in three appeals before us. The record filed with our Court in each appeal contains only the indictment in one of the cases. Because the substance of the indictments does not affect our holding, we did not abate the appeal and request that the record be supplemented. Our opinions and judgments in the other two appeals, case numbers 08-25-00152-CR and 08-25-00153-CR, are issued concurrently with this one.

## II. ANALYSIS

### A. Standard of review

We review the trial court's exclusion of evidence for an abuse of discretion. *State v. Heath*, 696 S.W.3d 677, 688 (Tex. Crim. App. 2024). While we must give deference to a trial court's findings of fact and credibility if they are supported by the record, we review the application of the law to the facts de novo. *Id*. at 689. So long as the trial court acted within the zone of reasonable disagreement, we must affirm the court's ruling. *Id.* at 688–89.

### B. Duty to disclose evidence

The Michael Morton Act, motivated by the wrongful conviction and 25-year imprisonment of Michael Morton, was "an overhaul of discovery in Texas[,]" intended to expand the rights of defendants to both inculpatory and exculpatory information. *Watkins v. State*, 619 S.W.3d 265, 274–75 (Tex. Crim. App. 2021); *Heath*, 696 S.W.3d at 698. Under the amendments, the State must, upon request of the defendant and without the need of a court order, produce or permit copying of anything that "constitute[s] or contain[s] evidence material to any matter involved in the action and that [is] in the possession, custody, or control of the state or any person under contract with the state."[2] Tex. Code Crim. Proc. Ann. art. 39.14(a). Moreover, the State must produce the discovery to the defense "as soon as practicable." *Id.* In this case, the records at issue were produced approximately nine months after they were requested.

### C. Discretion to exclude evidence

The State concedes that it violated Article 39.14 by failing to timely produce the records, but challenges whether exclusion of evidence was the appropriate remedy under the facts of this case.

---

[2] Excepted from disclosure are work product and other privileged materials. Tex. Code Crim. Proc. Ann. art. 39.14(a). The State must also disclose, even without a request, "any exculpatory, impeachment, or mitigating document, item, or information in the possession, custody, or control of the state." *Id*. art. 39.14(h).

The Court of Criminal Appeals confronted this question last year in *Heath v. State*. 696 S.W.3d 677. In that case, the prosecutor learned of the existence of a 911 call only six days before trial. *Id*. at 684. Even though the prosecutor promptly produced the tape to defense after she learned of it, the trial court granted the defense's motion to exclude the tape from evidence. *Id*. at 685. One of the questions for which the State sought discretionary review was, "[D]oes the trial court have the authority to impose an exclusionary sanction when there has been no bad faith or demonstrable prejudice to the opposing party and the statute provides for no such sanction?" *Id*. at 687. The Court concluded on the facts of that case that the trial court had that authority. *Id*. at 708.

In its analysis, the *Heath* Court examined the historical authority of the trial court to exclude evidence. It explained that even before the passage of the Michael Morton Act, trial courts had such authority when the State willfully violated a discovery order. *Id*. at 703 (citing *Hollowell v. State*, 571 S.W.2d 179, 180 (Tex. Crim. App. 1978)). Later cases, the Court continued, "misinterpreted" *Hollowell* "to essentially require a showing of 'bad faith' on the part of the prosecution due to a specific intent to knowingly violate a discovery order or frustrate the defense." *Id*. at 704. In *Heath,* the Court of Criminal Appeals clarified that a trial court has "inherent authority to fashion an appropriate remedy for a discovery violation" of Article 39.14. *Id*. at 707. Furthermore, the prosecutor need not have acted in bad faith for the trial court to exclude evidence and "[t]o the extent that a violation of discovery must be willful, the failure to exercise reasonable diligence in ascertaining whether discoverable evidence exists satisfies that requirement even if it would not rise to the level of bad faith necessary to establish a constitutional or ethical violation." *Id*.

In *Heath*, the Court ultimately held that the "trial court could have reasonably determined that the appropriate remedy for the State's statutory discovery violation was the exclusion of the 911 call" based on the facts of that case—the fourteen-month delay in producing the 911 call and

the fact that the State announced ready without that evidence three times. *Id.* at 708. The State contends that the circumstances in this case compel a different result than in *Heath*. The specific circumstances it points to are (1) that it was the former District Attorney who "was recalcitrant in his duties" and the new District Attorney provided the records within a month of taking office and (2) Rooney's attorney had the records for two months and would therefore not be prejudiced or surprised by their use at trial. We hold that neither of these circumstances required the court to impose a lesser remedy than exclusion of the evidence.

### (1) Fault of the prosecution

As *Heath* makes clear, "the state" as used in Article 39.14 means the "State of Texas[,]" not the prosecutor who happens to be representing the State at any given time. *Heath*, 696 S.W.3d at 694. As in *Heath,* it is a violation if the State fails to produce evidence even when the prosecutor is unaware that law enforcement has that evidence. *Id*. at 702. It follows that it is a violation when it was the former District Attorney who was at fault for the failure to produce information. Simply put, an individual prosecutor's personal responsibility for the violation is irrelevant.

### (2) Showing of prejudice

The State maintains that since Rooney's counsel had the records at issue for more than two months, the defense would not have been surprised or prejudiced by their use at trial. Once again, this case mirrors *Heath* where the trial court excluded evidence even though the defendant did not ask for a continuance "or otherwise argue he had been prejudiced by the untimely disclosure." *Heath* at 689. The question in that case as well as this one was not whether the defendant was harmed by the delay, but whether the State's violation was willful.

The State, albeit through a different District Attorney than the one who would eventually try the case, delayed the production of evidence to the defense for nine months, despite receiving a continuance so that it could obtain and produce discovery. As with *Heath*, "the [S]tate's failure

5

to ascertain the evidence it intended to introduce at trial in a timely fashion was enough of a showing of willfulness to justify the trial court's remedy of exclusion[.]" *Id*. at 708. It is important to emphasize that we are not holding that the trial court was *required* to exclude the evidence. A lesser remedy for the State's violation would likely have also been within the court's discretion. But under the abuse of discretion standard, we must decide not which remedy we believe was most appropriate, but whether the remedy chosen by the trial court was outside of the zone of reasonable disagreement. Based on the record before us, we hold that it was not. We overrule the State's issue.

### III. CONCLUSION

The trial court acted within its discretion when it excluded the evidence that the State produced to Rooney in February and April 2025. The trial court's order is affirmed.

MARIA SALAS MENDOZA, Chief Justice

November 26, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

(Do Not Publish)

6